Day, J.
Neither the validity of the will nor its proper probate is disputed ; nor is it claimed that it was ever revoked in any manner provided by the statute. But it is claimed that, properly construed, it never took effect in favor of the plaintiff, or was constructively revoked by the divorce procured by the testator.- The principal question, then, is : What is the true meaning of the will as written, when read in the light of the circumstances that suri-ounded the testator when it was made ?
Undoubtedly, the contemplated marriage of the parties, and a desire to make a provision for the plaintiff as his wife, were prompting causes of the will; but whether these were the only motives of the testator we can not tell. If so, he might easily have made the bequest upon the conditions that the legatee became his wife and survived him as his widow ; but he chose to leave these conditions, if contemplated by him at all, to be inferred only from words of description that he gave to his legatee as being his “ wife ” or “intended wife.” The bequest is made in absolute and unconditional terms, so far as expressed in the language of the will, and can not be evaded or overcome by more argumentative inferences drawn from words of the will not used for any such purpose. Had the testator died before the marriage contemplated, the right of the plaintiff’ to the bequest can not be doubted, for the marriage was not made a condition precedent to the legacy. Nor is the case -different if, after marriage, she ceases to be his wife, for the legacy is not conditioned upon her survivorship as his widow. If, then, her right to the legacy does not depend upon the marriage, it can not be lost by the divorce, for she can lose no more by the divorce than she gained by the marriage.
*305 By the.divorce, under the provisions of the statute, she lost her right of dower; and, being divorced, she was not the testator’s widow at his decease. Not being entitled to dower, and not being the testator’s widow, she had no right of election, as provided by statute for widows who are entitled to either dower or a provision in a will in lieu of dower, but was left alone to whatever rights she "had under the will. The procuring of a divorce by the testator does not necessarily imply a revocation of the will, for it is entirely consistent with an intent to annul her right of dower only, and her consequent right of election, thus leaving her to take under the absolute and unconditional provisions of the will. The probable correctness of this view is strengthened by the fact that while he might easily have expressly revoked, the will, though not in his possession, and wherever it might be, either before or after the divorce, for some reason, satisfactory to himself, it was never done. To defeat the bequest, we must then not only add to the will conditions that are neither expressed nor necessarily implied therein, but must rebut the presumption against any intended revocation of the will arising from the testator’s acquiescence therein for nearly five years after he was abandoned by bis wife before he obtained a divorce, and more than four years after the divorce before his death. It follows that the judgment of the Court of Common Pleas must be reversed, and the cause will be remanded for further proceedings.

Judgment accordingly.

Scott, Chief Judge, Wright, Johnson, and Ashbürn, JJ., concurred.